UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALONZO JONES, SR.                                           CIVIL ACTION

VERSUS

CASSANDRA BINGHAM SPEARS                    NO. 23-00732-BAJ-EWD

### RULING AND ORDER

This matter comes before the Court in connection with the Court's Order (Doc. 3) dated August 16, 2023, directing Alonzo Jones, Sr. ("Plaintiff") to pay the full amount of the Court's filing fee ($402.00) or to file an application seeking to proceed without prepaying the fee (*in forma pauperis*) by no later than September 6, 2023. Plaintiff was warned that failure to timely comply could result in the dismissal of his case without further notice from the Court.[1] (Doc. 3). An Application to Proceed in the District Court Without Prepaying Fees or Costs AO 239 (Long Form) was also provided to Plaintiff with the August 16 Order. (*Id.*).

On September 29, 2023, the Court issued another Order, requiring Plaintiff to appear at a hearing and show cause why his claims should not be dismissed for failure to comply with the September 6 Order. Plaintiff was again warned that his failure to comply could result in the dismissal of this action without further notice. (Doc. 5).

The scheduled show cause hearing was held before Magistrate Judge Erin Wilder-Doomes via Zoom videoconferencing on October 20, 2023. The hearing was

---

[1] The certified mail return receipt was returned executed. (Doc. 4).

A. Jones by regular and by certified mail 7020 0640 0001 4750 7467

held open for fifteen minutes, but Plaintiff failed to appear and did not contact the Court to request that the hearing be rescheduled. (Doc. 6).

A review of the record reflects that Plaintiff has failed to pay the filing fee or to take appropriate action to prosecute this case, as ordered. Furthermore, Plaintiff has failed to respond to two Court orders, including failing to appear at a show cause hearing. Federal Rule of Civil Procedure 41(b) provides for dismissal of a suit under these facts:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b)...operates as an adjudication on the merits.

A district court may dismiss a case on its own motion under Rule 41(b) with or without notice to the parties.[2] Accordingly,

**IT IS ORDERED** that the above-captioned proceeding be and is hereby **DISMISSED WITHOUT PREJUDICE** for the failure of Plaintiff Alonzo Jones, Sr. to comply with Court Orders and failure to prosecute this case under Federal Rule of Civil Procedure 41(b)

---

[2] *See Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) ("Fed. R. Civ. P. 41(b) authorizes the district court to dismiss a claim for failure of prosecution. Although the rule speaks of dismissal pursuant to a motion by the defendant a district court may dismiss on its own motion, with or without notice to the parties. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases.") (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)).

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this Ruling and Order to Plaintiff Alonzo Jones, Sr. by regular and certified mail, return receipt requested to the address listed on PACER.

Judgment shall enter accordingly.

Baton Rouge, Louisiana, this 30th day of October, 2023

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

3